## City of Chicago, Defendant in Error, v. Joseph Baker, Plaintiff in Error.

### Gen. No. 15,285.

1. MUNICIPAL COURT—*of what judicial notice taken.* The Municipal Court by statute is authorized to take judicial notice of the ordinances of the city of Chicago.

2. ORDINANCES—*when conviction for lounging sustained.* Held, that the evidence in this case justified a conviction for lounging under the ordinances of the city of Chicago.

Error to the Municipal Court of Chicago; the Hon. MICHAEL F. GIRTEN, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed October 6, 1910.

CHARLES E. ERBSTEIN, for plaintiff in error.

GEORGE H. WHITE, for defendant in error; HENRY M. SELIGMAN, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff in error was arrested under a complaint charging him with violating Section 1454 of the Revised Municipal Code of Chicago. He waived a trial by jury in writing and the trial judge on December 3, 1908, after hearing testimony of witnesses for the city and the defense, found plaintiff in error guilty of the offense charged and inflicted as punishment a fine of $100. From this judgment a writ of error was sued out from this court December 30, 1908, and on January 4, 1909, the same was filed in the Municipal Court. It is said that on December 31, 1908, another fine of $100 was inflicted upon plaintiff in error in the same case.

From the evidence of the prosecution it appears that on November 25, 1908, at about 6:50 o'clock in the morning, plaintiff in error, with two other men, also arrested, boarded a street car in front of the "Lake Shore" station with a number of passengers arriving from out of town; that plaintiff in error and his companions acted in such a suspicious man-

ner as to arouse the belief of the street car conductor that they were "pickpockets." The three men alighted from the car at State street. Returning to the "Lake Shore" station all three again boarded the car, this time getting off at Wentworth avenue. On notification by the car conductor of the presence of these three men to a policeman, that officer telephoned the situation to the "police station," to which message four other officers responded, and these five policemen finding the three men at the "Lake Shore" station put them under arrest. The only excuse plaintiff in error and his two companions gave to the policemen and the judge before whom they were tried was, that they were waiting for a Wentworth avenue car. Plaintiff in error and one of his companions, Meyer, said they were bartenders, the third man not giving his occupation, if any he had.

It is urged that the trial judge erred in not finding plaintiff in error not guilty and in entering the judgments of December 3, and 30, 1908, and it is argued that this court cannot take judicial notice of the ordinances of the city of Chicago.

By section 54 of the Municipal Court Act the Municipal Court is authorized to take judicial notice of the ordinances of the city of Chicago. The proceeding here is confined to a review of the record and actions of the trial court in order that we may determine whether the trial court proceeded regularly and without error prejudicially affecting the rights of plaintiff in error. In order to do so it logically follows that we must go to the same sources open to the trial judge, and on them and the record base our conclusions of regularity. The ordinance said to have been violated is mentioned by its section number in the complaint. The Municipal Court had the right and power to take judicial notice of the contents of that section. Nothing appearing to the contrary, we will assume it did so, and we will do likewise. So doing, we find the section of the ordinance in controversy sufficient to sustain, under the evidence, the charge made in the complaint against plaintiff in error. The conduct of plaintiff in error and his two companions, according to their

own statement and account, was suspicious. They pretended to be waiting for a Wentworth avenue car, yet they were thrice found mingling in a suspicious manner with incoming passengers arriving in the city by train at the "Lake Shore" station, where they had assumedly disembarked. They were suspected of being pickpockets and were found "lounging" or "prowling about" a "railroad depot" and were unable "to give a reasonable excuse for being so found." We think the evidence sufficient to sustain the finding and judgment against plaintiff in error. Experience abundantly demonstrates that the unwary stranger arriving within our gates needs protection against confidence men, pickpockets and other evil disposed persons, and the ordinance in question is calculated to afford such protection.

The writ of error issued out of this court on December 30, 1908, does not bring before us for review any order entered by the trial court subsequent to that date.

There is no error warranting our interference with the judgment of the Municipal Court of December 30, 1908, and it is therefore affirmed.

*Affirmed.*